Below is an Opinion of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In Re: | ) | Bankruptcy Case |
|---|---|---|
| | ) | No. 11-35979-rld13 |
| Richard L. Nguyen, | ) | |
| | ) | MEMORANDUM DECISION DENYING |
| Debtor. | ) | CONFIRMATION OF PLAN |

The debtor, Richard L. Nguyen, filed a chapter 13 petition on July 12, 2011 ("Petition Date"). On the Petition Date, Mr. Nguyen owned an investment property ("Rental Property") which was subject to a first mortgage ("Mortgage") held by US Bank and serviced by Select Portfolio Servicing, Inc. ("SPS").

Mr. Nguyen does not dispute that on the Petition Date, the amount owed on the Mortgage was $291,154.16, $51,412.21 of which represented pre-petition arrears, including payments of principal and interest, late charges, escrow advances and accrued fees and costs. However, supported by a prepetition current market analysis of the Rental Property, Mr. Nguyen's chapter 13 plan ("Plan") proposed to bifurcate SPS's claim into a secured claim in the amount of $193,035 ("Secured Claim"), with the balance of the claim treated as unsecured.

/ / /

Page 1 - MEMORANDUM DECISION DENYING CONFIRMATION OF PLAN

The Plan, as amended, provides for monthly payments to the chapter 13 trustee ("Trustee") in the amount of $1,094. From this amount, the Trustee is to pay SPS, on account of the Secured Claim, $850 each month until July 2015, at which time the balance of the Secured Claim is to be paid through a sale or refinance of the Rental Property as a balloon payment.

SPS objected to the Plan, asserting that § 1325(a)(5)(B)(iii)(I)'s requirement for equal monthly payments necessarily precludes payment of its Secured Claim through a balloon payment, as provided in the Plan. Instead, SPS contends that Mr. Nguyen must pay the Secured Claim in full through equal monthly payments during the life of the Plan. Under a sixty-month plan, the monthly payment due on the Secured Claim, even excluding the proposed interest to be paid on the Secured Claim, would be $3,217.25.

> Under § 1325(a)(5), there are three ways a debtor may treat a secured claim and gain confirmation. The creditor can accept the proposed treatment, § 1325(a)(5)(A); the debtor can surrender the collateral, § 1325(a)(5)(C); or the debtor may retain the collateral provided the creditor retains its lien until the earlier of payment of the entire underlying debt or entry of the debtor's discharge, § 1325(a)(5)(B)(i), and the value as of the plan's effective date, of property to be distributed under the plan is not less than the claim's allowed amount. § 1325(a)(5)(B)(ii). New § 1325(a)(5)(B)(iii) imposes additional requirements when periodic payments of secured claims are proposed.

In re Sanchez, 384 B.R. 574, 576 n.4 (Bankr. D. Or. 2008). It is these "additional requirements" in § 1325(a)(5)(B)(iii) that are at issue in this contested matter. Specifically, § 1325(a)(5)(B)(iii) provides (I) that if "property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly

Page 2 - MEMORANDUM DECISION DENYING CONFIRMATION OF PLAN

amounts," and (II) if "the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan."

Mr. Nguyen contends that the requirement for equal monthly payments applies only to claims secured by personal property. He reaches this conclusion based upon the "and" which conjoins subsections (I) and (II) of § 1325(a)(5)(B)(iii). His interpretation of the statute effectively writes out the conditional phrase contained in § 1325(a)(5)(B)(iii)(II): "if . . . the holder of the claim is secured by personal property. . . ." I read § 1325(a)(5)(B)(iii)(II) to impose the additional condition of providing adequate protection when the collateral involved is personal property, not to reach back to eliminate the requirement for equal monthly payments as to real property collateral. Had Congress intended the result suggested by Mr. Nguyen, it could easily have drafted § 1325(a)(5)(B)(iii) to begin not by the single word "if," but by the phrase "if the holder of the claim is secured by personal property. . . ."

In support of its assertion that § 1325(a)(5)(B)(iii)(I) not only requires equal monthly payments, but also precludes balloon payments in conjunction with a series of lesser payments, SPS relies on the published decision of another judge of this court. See In re Bollinger, 2011 WL 3882275 (Bankr. D. Or. 2011). Bollinger also involved a debtor's attempt to cram down a creditor secured by non-residential real property. In Bollinger, Judge Alley analyzed what he characterized as the "antibackloading policy" behind § 1325(a)(5)(B)(iii)(I) and determined

Page 3 - MEMORANDUM DECISION DENYING CONFIRMATION OF PLAN

that Congress included language requiring equal periodic payments as a "straightforward prohibition of repayment schemes that allocated the bulk of the payments to some point in the future." In re Bollinger, 2011 WL 3882275 *3. As such, he concluded that § 1325(a)(5)(B)(iii)(I)'s requirement of "equal periodic payments" necessarily excludes balloon payments.[1]

Mr. Nguyen contends that Bollinger's strict reading of the equal monthly payment requirement to exclude a balloon payment in the context of this case would lead to the absurd result that his mortgage payment to SPS would double if he were to exercise his right to bifurcate SPS's claim pursuant to § 506.[2] He points out, as does Bollinger, that I previously have ruled orally that § 1325(a)(5)(B)(iii)(I) is ambiguous as to whether a balloon payment is precluded based upon the requirement of equal monthly payments. See In re Meredith, Case #11-30227-rld13 (Bankr. D. Or. May 5, 2011) (Dunn, J.). However, as a matter of historical policy, I am bound by the published opinion of another judge of this court. Bollinger is such a decision.

/ / /

/ / /

---

[1] The challenged chapter 13 plan provisions in Bollinger are very similar to the provisions at issue in this case: the debtor in Bollinger proposed periodic payments of $1,208 per month at 5% interest, with the balance of the crammed down secured claim to be paid from the proceeds of a sale or refinance of the subject property.

[2] The result is not necessarily so absurd when one considers that if Mr. Nguyen were able to effect a cramdown, he would write down US Bank's secured loan by almost $100,000 and reduce the interest rate by 3.625%.

Page 4 - MEMORANDUM DECISION DENYING CONFIRMATION OF PLAN

Based upon the application of Bollinger, I sustain SPS's objection. I will enter an order denying confirmation of the Plan.

###

cc: Scott Levin, Esq.
Eric Marshack, Esq.
Wayne Godare, Chapter 13 Trustee